UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:92-CR-181 JCM (NA) |
| Plaintiff(s), | ORDER |
| v. | |
| RAMON EDMOND, et al., | |
| Defendant(s). | |

Presently before the court is defendant Ramon Edmond's motion for early termination of supervised release. (ECF No. 409). The government has not filed a response, and the time for doing so has since passed.

## I.    Background

On July 29, 1992, a criminal indictment was filed against defendant and his co-conspirators.[1] (ECF No. 336) (citing (ECF No. 1)). On May 13, 1993, after a jury trial, defendant was found guilty of conspiracy, armed robbery, use of a firearm during and in relation to a crime of violence, and felon in possession of a firearm. (ECF No. 336) (citing (ECF No. 120)). On July 14, 1995, the court sentenced defendant to 295 months imprisonment. (ECF No. 382-1) (copy of the judgment). Defendant began his term of supervised release on July 3, 2014. (ECF No. 382).

On August 8, 2016, probation filed a form 12C petition for warrant for offender under supervision. (ECF No. 382). Probation stated that defendant committed three violations: (1) shall not commit crime; (2) be truthful; and (3) shall not associate with criminals. *Id.*

---

[1] On August 26, 1992, a six-count superseding indictment was filed as to defendant and his co-conspirators. (ECF No. 336) (citing (ECF No. 27)); *see also* (ECF No. 336) (citing (ECF No. 35) (minutes of arraignment/plea as to defendant, wherein he pleaded not guilty to counts 1-6)).

The petition alleges that on July 31, 2016, defendant committed the offense of battery with a deadly weapon, in violation of NRS 200.481 (a class B felony). *Id.* Defendant allegedly intentionally struck another vehicle at least six times with his vehicle while chasing the fleeing vehicle through North Las Vegas. *Id.* The vehicle was driven by a person whom defendant had a romantic relationship with at the time of the incident.[2] *Id.* In a subsequent conversation with his probation officer, defendant stated that the damage to his vehicle was caused by teenagers throwing rocks at his car and rear-ending his car with "an unknown black vehicle."[3] *Id.*

On January 9, 2017, in a hearing regarding revocation of supervised release, defendant's counsel stated that the state charges against defendant had been dropped. (ECF No. 399). As the government did not object to dismissal of the petition, the court dismissed the petition without prejudice and continued defendant on his existing supervised release with all previous conditions in place. *Id.*

## II. Discussion

Defendant's motion cites his good employment record and compliance with his conditions of supervision as justification for early termination. (ECF No. 409).

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate probation after one year in the interests of justice. 18 U.S.C. § 3583(e)(1). Factors to be considered "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). Early termination of supervision is awarded only in exceptional circumstances. *See United States v. Smith*, 219 Fed. App'x 666, 668 (9th Cir. 2007) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

The court will deny defendant's motion. Defendant's motion cites his lone arrest since his release on supervision and notes that charges were never filed. (ECF No. 409). However, the

---

[2] This person was also a convicted felon, which formed the basis for violation #3 in the 12C petition (shall not associate with criminals). (ECF No. 382).

[3] This formed the basis for violation #2 (be truthful). (ECF No. 382).

motion does not detail the underlying conduct, discussed above, which demonstrates that early termination of supervision is not appropriate at this time. Further, compliance with supervision is the expectation, and is not a precursor to early termination. *See Smith*, 219 Fed. App'x at 668.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for early termination of supervised release (ECF No. 409) be, and the same hereby is, DENIED.

DATED January 30, 2018.

_____
UNITED STATES DISTRICT JUDGE