UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:92-cr-00181-JCM-NA-1 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| RAMON EDMOND, | |
| Defendant. | |

Presently before the court is defendant Ramon Edmond's ("defendant") second motion for early termination of supervised release. (ECF No. 412). The United States of America ("the government") filed a "non-opposition" response to defendant's motion. (ECF No. 414).

On May 13, 1993, after a jury trial, defendant was found guilty of conspiracy, armed robbery, use of a firearm during and in relation to a crime of violence, and felon in possession of a firearm. (ECF No. 336) (citing (ECF No. 120)). On July 14, 1995, the court sentenced defendant to 295 months imprisonment. (ECF No. 382-1). Defendant began his term of supervised release on July 3, 2014. (ECF No. 382). With less than six months left on his term of supervision, defendant filed the instant motion for early termination of supervised release. *Id.*

Pursuant to 18 U.S.C. § 3583(e), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Those factors include, *inter alia*, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the kinds of sentence and the sentencing

range established for the applicable category of offense committed by the applicable category of defendant." 18 U.S.C. §§ 3553(a)(1), (4).

Here, defendant indicates that he has been compliant with his conditions of supervised release, is self-employed as a business owner, and maintains a stable residence with his wife. (ECF No. 412). However, defendant has failed to demonstrate why early termination is in the interest of justice. Indeed, compliance with the terms of supervised release is what is expected of a defendant on supervised release and does not alone constitute an adequate basis for termination. *United States v. Smith*, No. 2:09-CR-00218-KJD, 2015 WL 3797435, at *2 (D. Nev. June 17, 2015).

Moreover, while the court acknowledges defendant's gainful employment and positive strides, the court must consider the nature and circumstances of plaintiff's underlying offense, and the "history and characteristics of the defendant." 18 U.S.C. §§ 3553(a)(1). In reviewing defendant's history, the court notes that in August of 2016, probation filed a form 12C petition for warrant for offender under supervision. (ECF No. 382). Probation stated that defendant committed three violations: (1) shall not commit crime; (2) be truthful; and (3) shall not associate with criminals. *Id.*

The petition alleges that on July 31, 2016, defendant committed the offense of battery with a deadly weapon, in violation of NRS 200.481 (a class B felony). *Id.* Defendant allegedly intentionally struck another vehicle at least six times with his vehicle while chasing the fleeing vehicle through North Las Vegas. *Id.*

On January 9, 2017, in a hearing regarding revocation of supervised release, defendant's counsel stated that the state charges against defendant had been dropped. (ECF No. 399). As the government did not object to dismissal of the petition, the court dismissed the petition without prejudice and continued defendant on his existing supervised release with all previous conditions in place. *Id.*

The court considered defendant's underlying offense and the subsequent petition for revocation when it denied defendant's previous motion for early termination. (ECF No. 410). It will do so again here. Indeed, defendant's motion does not detail the underlying conduct,

discussed above, which demonstrates that early termination of supervision is not appropriate. Defendant's motion is denied.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for early termination of supervised release (ECF No. 412) be, and the same hereby is, DENIED.

DATED THIS 16th day of April 2019.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE